

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSA

AUG 28 2001

JAMES W. McCORMACK, Cl
By:_____
                    DEP C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKASNAS
WESTERN DIVISION

TINA CALHOUN                                                                    PLAINTIFF

VS.                                    4-01-CV-00569 WRW

CITY OF SHERWOOD, ARKANSAS                                      DEFENDANT

COMPLAINT

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Young_

Comes now the Plaintiff, by and through her attorney, Robert A. Newcomb, and for her Complaint against the Defendant, states:

## JURISDICTION

1. This action is authorized by 28 U.S.C. § 1331 to enforce rights granted the Plaintiff pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., and Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000 (e) et seq.

2. Venue is proper in this District in that the Plaintiff and Defendant are residents of Pulaski County, Arkansas.

## PARTIES

3. The Plaintiff is a resident of Pulaski County, Arkansas, and at all times material to this cause of action, was employed by the Defendant, the City of Sherwood, Arkansas.

4. The City of Sherwood, Arkansas, is a municipality located in Pulaski County, Arkansas, and is the employer of the Plaintiff within the meaning of the Family and Medical Leave Act and Title VII of the Civil Rights Act at all times material to this cause of action.

## FACTS

5. The Plaintiff was employed by the Defendant on or about March 15, 1993, as an administrative secretary.

6. In April of 1997, the Plaintiff was promoted to Human Recourse Generalist with the City of Sherwood.

7. The Plaintiff became pregnant in the fall of 1999, and so informed her employer.

8. In March of 2000, the Plaintiff developed complications in her pregnancy necessitating her applying for leave under the Family and Medical Leave Act.

9. In April, 2000, the Plaintiff, under the City of Sherwood Personnel Policy, became eligible for a step increase.

10. The Plaintiff's supervisor, Mark Haynes, recommended that the Plaintiff receive a step increase because her work performance was satisfactory or above satisfactory.

11. Mayor Bill Harmon of the City of Sherwood, denied approval of the step increase, citing as a reason therefore, the Plaintiff's absenteeism, said absences were primarily covered under the Family and Medical Leave Act or as a direct result of her pregnancy.

12. Mayor Bill Harmon had previously approved pay increases for males who had similar attendance records to the Plaintiff, and continued to do so thereafter.

13. Mayor Bill Harmon also approved step increases for non-pregnant females who had similar attendance to the Plaintiff.

14. The City of Sherwood had a catastrophic leave bank program that allowed employees who were going to be off work for a period of time in excess of their accrued sick leave, to apply for catastrophic leave. This program allowed other employees to donate sick days to the bank to be allocated to applicants where they would not lose pay while off due to serious medical conditions.

15. The Plaintiff's medical condition met the definition of a catastrophic medical leave in that her pregnancy complications were of a significant and severe character.

16. The Plaintiff was denied catastrophic leave while said leave was previously given to male applicants and non-pregnant female applicants without even a meeting of the Catastrophic Leave Committee. The Catastrophic Leave

Committee treated the application of the Plaintiff differently and held a meeting and denied her the benefit, even though there were individuals willing to contribute to the catastrophic leave bank so that the Plaintiff would continue to receive her regular salary.

17.  The City of Sherwood denied the catastrophic leave to the Plaintiff because her condition was pregnancy related, in violation of Title VII of the Civil Rights Act.

18.  The motivating factor of the Defendant's denial of the Plaintiff's catastrophic leave application was pregnancy, in violation of the Civil Rights Act.

19.  The City of Sherwood denied the Plaintiff her step increase because she was absent due to pregnancy, while granting step increases to others who had not been pregnant, in violation of the Civil Rights Act.

20.  The denial of the step increase by the City of Sherwood violated the anti-retaliation provisions of the Family and Medical Leave Act.

## LEGAL CLAIMS

21.  The Defendant, City of Sherwood, has a pattern and practice of discriminating against female employees in violation of the Civil Rights Act provisions contained in Title VII.

22.     The actions of the Defendant in retaliating against the Plaintiff for exercising her rights under the Family and Medical Leave Act for the denial of her step increase violated the provisions of 29 U.S.C. § 2601, et seq.

## PROCEDURAL REQUIREMENTS MET

23.     The Plaintiff timely filed a charge with the Equal Employment Opportunity Commission, alleging a violation of her rights under Title VII of the Civil Rights Act of 1991, as amended. A copy of said charge is attached hereto as Exhibit A.

24.     The Plaintiff, less than 90 days prior to the filing of this case, received the attached Right to Sue Letter from the Equal Employment Opportunity Commission, which is attached hereto as Exhibit B.

## RELIEF REQUESTED

25.     This Court should enter judgment against the City of Sherwood for back wages that the Plaintiff would have earned if she had not been denied her step increase, in an amount to be determined by a jury.

26.     As a direct and proximate result of the denial of the step increase, the Plaintiff has suffered humiliation, embarrassment, and mental anguish, warranting the imposition of compensatory damages in an amount to be determined by a jury.

27. The Plaintiff should be awarded back wages and benefits that she would have received if her catastrophic leave application had been approved, in an amount to be determined by a jury.

28. As a direct and proximate result of the Defendant's actions in discriminating against the Plaintiff due to pregnancy, she has suffered humiliation, embarrassment and mental anguish, warranting the imposition of compensatory damages in an amount to be determined by a jury.

29. Pursuant to 42 U.S.C. § 1988, this Court should award reasonable attorney's fees and litigation expenses.

30. This Court should enter an injunction ordering the City of Sherwood to comply with the provisions of the Family and Medical Leave Act and to adopt a policy of non-discrimination due to pregnancy.

31. This Court should appoint a monitor to ensure that the City of Sherwood complies with the pregnancy discrimination provisions of Title VII of the Civil Rights Act, at the expense of the City of Sherwood.

32. This Court should enter an injunction requiring the Mayor of the City of Sherwood to receive training concerning the requirements of the provisions of Title VII of the Civil Rights Act and the Family and Medical Leave Act.

## JURY TRIAL DEMANDED

33.     This Court should grant the Plaintiff a trial by jury.

WHEREFORE, it is respectfully prayed that this Court enter judgment against the City of Sherwood for compensatory damages in behalf of the Plaintiff, grant her the equitable relief requested herein, and grant the Plaintiff such relief to which he is entitled.

Respectfully submitted,

*[signature]*

Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577

FROM : CITY OF SHERWOOD          FAX NO. : 8332180          Aug. 27 2001 12:03PM P3

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| Ms. Andrea Woods<br>Human Resource Director<br>Sherwood City Of<br>2199 East Kiehl Avenue<br>Sherwood, AR 72120 | Calhoun, Tina |
| | THIS PERSON (check one)<br>[X] CLAIMS TO BE AGGRIEVED<br>[ ] IS FILING ON BEHALF OF ANOTHER |
| | DATE OF ALLEGED VIOLATION<br>Earliest          Most Recent<br>                  05/11/2000 |
| | PLACE OF ALLEGED VIOLATION<br>Sherwood, AR |
| | CHARGE NUMBER<br>251A01370 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 10/19/00 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [X] Please respond fully by 10/19/00 to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Little Rock Area Office
425 W Capitol Suite 625
Little Rock AR 72201

Virginia Pollard, Supervisor
*(Commission Representative)*
(501) 324-6016
*(Telephone Number)*

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**CIRCUMSTANCES OF ALLEGED VIOLATION**

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 10/05/2000 | Kay Klugh<br>Director | *[signed]* Kay Klugh |

EEOC FORM 131 (Rev. 06/92)

RESPONDENT'S COPY

FROM : CITY OF SHERWOOD          FAX NO. : 8332180          Aug. 27 2001 12:02PM P2

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 251A01370 |

_____ and EEOC
*State or local Agency, if any*

**NAME** *(Indicate Mr., Ms., Mrs.)*
Mrs. Tina Calhoun

**HOME TELEPHONE** *(Include Area Code)*
(501) 835-9743

**STREET ADDRESS**     **CITY, STATE AND ZIP CODE**
1604 Lariat Circle, Sherwood, AR 72120

**DATE OF BIRTH**
02/26/1968

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
Sherwood City Of

**NUMBER OF EMPLOYEES, MEMBERS**
Cat C (201-500)

**TELEPHONE** *(Include Area Code)*
(501) 835-5319

**STREET ADDRESS**     **CITY, STATE AND ZIP CODE**
2199 East Kiehl Avenue, Sherwood, AR 72120

**COUNTY**
119

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST          LATEST
                  05/11/2000
☒ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheet(s))*:

I was hired as an Administrative Assistant in 1993. On March 13, 2000, I went on sick leave because of my pregnancy. On May 11, 2000, I was denied my annual raise. Females that were not pregnant and male employees were given thier annual raises inspite of thier attandance. On July 26, 2000, I told my Supervisor that I was going to speak with the EEOC. On August 24, 2000, I brought up my being denied a raise to the Personnel Commission. Since that time, I have had co-workers refusing to work with me, my duties reassigned and have been denied access to police files.

On May 11, 2000, I was told by my Supervisor that I was being denied a raise because the Mayor told him that I made too much money. On August 24, 2000, during the grievance hearing, the Mayor stated under oath, that I was denied a raise because of my attendance.

I believe that I was denied a raise because of my sex, female, pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I am being retaliated against because my employer had knowledge of my complaint to the EEOC, in violation of Title VII of the Civil Rights Act of 1964, as amended.

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - *(When necessary for State and Local Requirements)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

**SIGNATURE OF COMPLAINANT**

Date 8/31/00    *Tina M. Calhoun*
         Charging Party *(Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Month, day and year)*

EEOC FORM 5 (Rev. 06/99)

**RESPONDENT'S COPY**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office

425 West Capitol Avenue, Suite 625
Little Rock, AR 72201
(501) 324-5060
TTY (501) 324-5481
FAX (501) 324-5991

Charge Number: 251-A0-1370

Tina Calhoun
1604 Lariat Circle            Charging Party
Sherwood, AR 72120

City Of Sherwood
2199 E. Kiehl Avenue          Respondent
Sherwood, AR 72120

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and also investigated under the Americans with Disabilities Act of 1990, as amended (the ADA).

Respondent is an employer within the meaning of Title VII and the ADA and timeliness and all other requirements for coverage have been met.

Charging Party alleged that she was denied a merit increase because of her pregnancy and retaliated against because she revealed her intent to file a charge of discrimination. Examination of the evidence does not indicate that there is reasonable cause to believe that these allegation are true.

This determination concludes the processing of this charge with respect to Charging Party's allegations that she was denied a merit increase because of her pregnancy and retaliated against because she revealed her intent to file a charge of discrimination.

This letter will be the only notice of dismissal and the only notice of Charging Party's right to sue sent by the Commission. **FOLLOWING THIS DISMISSAL, CHARGING PARTY MAY ONLY PURSUE THIS MATTER BY FILING SUIT AGAINST RESPONDENT WITHIN 90 DAYS OF RECEIPT OF THIS LETTER. OTHERWISE, CHARGING PARTY'S RIGHT TO SUE WILL BE LOST.**

However, the evidence indicates that there is reasonable cause to believe that Respondent has violated the ADA.

Determination - Charge No. 251-A0-1370                                    Page 2

Specifically, Respondent's Workplace Safety From Substance Abuse Policy, page 4-10 of the employee handbook which was in effect at the time of the charge, states in part; "all employees using a prescription or non-prescription drug which may in any way affect their job performance, must promptly notify their Supervisor in writing as to the possible effects of such medication on the performance of assigned duties and related physical/mental capabilities. A city department head or supervisor may require a physician's statement if the employee indicates that there is a need to use a prescription or non-prescription drug for four (4) days or longer. Respondent's policy of requiring employees to notify the employer of a lawful prescription drug violates Section 102(d)(4)(a) of the ADA.

The ADA requires that if the Commission determines there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined there is reasonable cause to believe that a violation has occurred, the Commission now invites Respondent to join with it in a collective effort toward a just resolution of this matter.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations. When Respondent declines to enter into conciliation discussions, or when the Commission's representatives for any other reasons are unable to secure an agreement acceptable to the Commission, I will so inform Respondent in writing of the court enforcement alternative available to the Department of Justice.

On behalf of the Commission,

JUN 20 2001
_____                              _____
Date                                             Doris B. Woods,
                                                 Acting District Director